IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MASTER MAURICE ALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-96 |
| | ) | |
| CONNIE LOCKLEAR JONES, M.D., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Master Alston, a state prisoner, has asserted a medical malpractice claim against Dr. Connie Locklear Jones, a medical doctor at Scotland Correctional Institution. Each party asks the Court to seal or redact certain exhibits containing Mr. Alston's medical information filed in connection with summary judgment briefing. Dr. Jones also asks the Court to seal or redact certain documents containing Mr. Alston's medical information filed in connection with other briefing or trial preparation documents.

There are a few medical records directly related to the medical negligence claim and those records contain little other private information. Briefing and other exhibits are also directly related to dispositive motions, and other materials disclose little medical information that is not already public in substance. For these materials, the public's First Amendment right of access outweighs the usual privacy interests in medical records. For the hundreds of pages of medical records that overwhelmingly are irrelevant to the

summary judgment decision and in which Mr. Alston still maintains significant privacy interests, the motion to seal will be granted.

## BACKGROUND

Consistent with Local Rule 5.4, upon filing her motion for summary judgment, Doc. 57, the defendant Dr. Jones filed a redacted brief and certain redacted exhibits, Docs. 58; 58-1–58-4; 58-6–58-7, along with a motion to seal the unredacted versions of the brief and exhibits. Docs. 59 (motion to seal), 60 (unredacted brief), 60-1–60-7 (unredacted exhibits). Upon filing his motion in opposition to a summary judgment motion filed by defendants no longer subject to this litigation, Doc. 76, Mr. Alston filed redacted exhibits, Doc. 81, along with a motion to seal the unredacted versions of those exhibits. Docs. 79 (motion to seal), 82 (unredacted exhibits).

Dr. Jones also filed a motion to seal, Doc. 85, along with a redacted exhibit, in connection with her motion to exclude Mr. Alston's non-retained experts. Doc. 84; *see* Docs. 86 (unredacted brief), 86-1 (unredacted exhibit). Finally, Dr. Jones filed a motion to seal, Doc. 101, along with various redacted exhibits, in connection with her trial brief and proposed jury instructions. Docs. 102 (unredacted trial brief), 104 (unredacted proposed jury instructions), 104-1–104-12 (unredacted exhibits).

The parties' motions to seal, Docs. 59, 79, 85, 101, have been on the public docket for weeks and the public has had notice of the motions and a reasonable opportunity to challenge the requests. *See Va. Dep't of State Police v. Wash. Post,* 386 F.3d 567, 576 (4th Cir. 2004). Mr. Alston filed a brief in support of Dr. Jones' motion to seal. Doc. 66.

## ANALYSIS

The public has a right of access to judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In reviewing motions to seal, the Court must determine the source of the public right of access, if any, that applies to each document at issue and then "weigh the competing interests at stake." *Va. Dep't of State Police*, 386 F.3d at 576 (cleaned up).

Documents filed with the court are judicial records to which either the common law or First Amendment right of access attaches if they "play a role in the adjudicative process or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). If the court does not consider or rely on filed documents to decide a motion, the documents are not judicial records and no right of access applies. *See Trapp v. SunTrust Bank*, No. 15-CV-937, 2016 WL 6833986, at *1 (M.D.N.C. Nov. 18, 2016).

The First Amendment right of access extends only to particular judicial records whereas the common law right of access extends to all judicial records. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014). As a result, some court-filed documents "fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment." *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003).

3

## I. Documents filed in Connection with Mr. Alston's Opposition to a Motion for Summary Judgment

Mr. Alston seeks to seal certain materials filed in opposition to a motion for summary judgment. Specifically, he seeks to file redacted versions on the public record and unredacted versions under seal of the following documents:

- Doc. 82-1 (redacted at Doc. 78-3):[1] Deposition transcript of Shanika Stanton
- Doc. 82-2 (redacted at Doc. 78-5): November 21, 2016, North Carolina DPS Medical Record
- Doc. 82-3 (redacted at Doc. 78-10): February 15, 2021, North Carolina DPS Ophthalmology Record

The First Amendment right of access attaches to these materials since they were considered in connection with a summary judgment motion. *See Pub. Citizen*, 749 F.3d at 267. To support denial of public access, the proponent of sealing must show that sealing is necessary to protect a compelling governmental interest or other higher value,[2] and the limitation on public access must be narrowly tailored to serve that interest. *See Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) (cleaned up); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). The movant must also present specific reasons to support its position—conclusory assertions will not do. *See Va. Dep't of State Police*, 386 F.3d at 575.

---

[1] All filed materials are identified by CM-ECF Docket Numbers.

[2] *See In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983) (rejecting the argument that only governmental interests can override the First Amendment right of access); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984) (explaining a private overriding interest "can involve the content of the information at issue, the relationship of the parties, or the nature of the controversy"); *P & L Dev. LLC v. Bionpharma Inc.*, No. 17-CV-1154, 2019 WL 2079830, at *2 (M.D.N.C. May 10, 2019) (reviewing types of private interests that may overcome the First Amendment right of access).

4

In support of his motion to seal, Mr. Alston contends that the entirety of his medical records should remain under seal because of the "confidential, sensitive, and personal medical information, the protection of which serves an important government interest." Doc. 80 at 3. He contends that there is no less restrictive way to serve that interest than sealing the entirety of those medical records because of the breadth of confidential information throughout the records. *Id.*

Mr. Alston's motion to seal the medical records at Docs. 82-2 and 82-3 will be denied. While there is an important governmental interest in keeping sensitive and personal medical information private, *see, e.g.*, *Fulp v. Columbiana Hi Tech, LLC*, No. 16-CV-1169, 2018 WL 1027159, at *10 (M.D.N.C. Feb. 21, 2018), these specific records are at the heart of Mr. Alston's medical negligence claim and to the public's understanding of the basis for the Court's summary judgment decision. They contain little information beyond what is in pleadings and briefs on the public record, and they do not contain information irrelevant to Mr. Alston's claims; unsealing these few exhibits does not unduly impact Mr. Alston's privacy interests.

As to the deposition transcript of Shanika Stanton, the motion will be granted. Redacting Ms. Stanton's home address is appropriate because the information to be sealed is narrow, and the redaction is designed to protect former defendant Stanton's privacy interests. The information was provided only as background information during Ms. Stanton's deposition and is not relevant to the issues at hand. The public has no First Amendment right of access to evidence irrelevant to a summary judgment decision.

5

Mr. Alston's motion to seal, Doc. 79, is granted as to Ms. Stanton's address but is otherwise denied.

## II. Documents filed in Connection with Dr. Jones' Motion for Summary Judgment

Dr. Jones seeks to seal materials filed in connection with her motion for summary judgment. Specifically, she seeks to seal or redact information from the following documents:

- Doc. 60 (redacted at Doc. 58): Memorandum of law filed in support
- Doc. 60-1 (redacted at Doc. 58-1): Affidavit of Dr. Jones
- Doc. 60-2 (redacted at Doc. 58-2): Affidavit of Dr. Rupe
- Doc. 60-3 (redacted at Doc. 58-3): Affidavit of Dr. Kotecha
- Doc. 60-4 (redacted at Doc. 58-4): First half of Mr. Alston's medical records from the department of corrections
- Doc. 60-5 (redacted at Doc. 58-4): Second half of Mr. Alston's medical records from the department of corrections
- Doc. 60-6 (redacted at Doc. 58-6): Condensed deposition transcript of Dr. Robert L. Toler
- Doc. 60-7 (redacted at Doc. 58-7): Condensed deposition transcript of Dr. Jones

The First Amendment right of access attaches to these materials since they were considered in connection with a summary judgment motion. *See Pub. Citizen*, 749 F.3d at 267. To deny public access, there must be a compelling interest and the sealing must be narrowly tailored to serve that interest. *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

In support of her motion to seal, Doc. 59, Dr. Jones states that "Plaintiff's medical records contain information pertaining to Plaintiff's medical condition, diagnoses and complaints and such information is protected health information," and is "protected by" HIPAA "set out more fully in 45 CFR § 160." *Id.* at 2. As noted *supra*, Mr. Alston

6

agrees that the medical records contain "confidential, sensitive, and personal medical information," Doc. 66 at 3, and sealing the records in their entirety is the least restrictive means of sealing because of the breadth of confidential information contained in the 882 pages of medical records dated from 2016 to 2021. *Id.* at 2–3. He explicitly noted he does not ask for redaction or sealing of briefs. *Id.* at 4.

The protection of Mr. Alston's medical information serves an important governmental interest, *see Fulp*, 2018 WL 1027159, at *10, and sealing his entire medical record, except for the specific records at Doc. 82-2 and 82-3 discussed *supra*, is justified due to the large amount of private medical information contained in the exhibits that is not relevant to the dispute at hand. *Id.* The Court did not rely on the irrelevant medical information in Mr. Alston's medical records, and there is no right of access to information that the Court did not consider. And as discussed *supra*, the most relevant records will be unsealed, further protecting the public's right of access. The motion to seal Mr. Alston's medical records at Docs. 60-4 and 60-5 is granted and those exhibits will remain sealed.

The Court reminds the parties that Mr. Alston's health records will likely be public if they are offered into evidence at trial. They should consult in advance in an effort to redact irrelevant medical information from any medical records offered into evidence.

As to Dr. Jones' summary judgment brief and other attached exhibits, the motion to seal will be denied. Dr. Jones again points to the confidential nature of the information and HIPAA as reasons for redacting these documents and sealing the information related to Mr. Alston's care. Doc. 59 at 2. But these documents refer only to the medical

treatment that is at issue in this case. The publicly-filed complaint, answers, and briefs, and the Court's previous decisions, disclose the information that Dr. Jones is seeking to seal. *See, e.g.*, Doc. 98 at 10. Dr. Jones has not explained why the information or details relevant to this litigation remain private or sensitive information in light of this previous public disclosure. The documents contain details about treatment and diagnoses that were relevant to the Court's summary judgment decision, and it is difficult to justify keeping secret the evidence directly related to the medical negligence claim.

Dr. Jones' motion to seal, Doc. 59, is granted as to Mr. Alston's medical records at Docs. 60-4 and 60-5 but is otherwise denied.

## III.    Documents filed with Dr. Jones' Motion to Exclude Non-Expert Testimony

Dr. Jones seeks to redact information from the following documents that were filed in support of her motion to exclude non-retained experts:

- Doc. 86 (redacted at Doc. 84): Memorandum of law filed in support.
- Doc. 86-1 (redacted at Doc. 84-1): Mr. Alston's designation of expert witnesses.

Because these documents were filed with the Court and played a role in the adjudicative process, they are considered judicial records. *See In re Section 2703(D)*, 707 F.3d at 290.

The parties have not directed the Court's attention to case law establishing whether the right of access arises under the common law or the First Amendment. But either way, the motion should be denied. These documents refer only to the medical treatment that is at issue in this case, much of which is already disclosed in the complaint, answers, and briefs, and in the Court's previous orders. *See, e.g.*, Doc. 98 at 10. Indeed,

8

there is an unredacted copy of Mr. Alston's designation of expert witnesses that has been on the docket for over a month. *See* Doc. 95-1. As to this information, the motion to seal will be denied.

## IV.    Documents Dr. Jones Filed in Preparation of Trial

Dr. Jones seeks to redact information from the following documents that were filed in preparation of the upcoming trial:

- Doc. 102 (redacted at Doc. 100): Trial brief
- Doc. 104 (redacted at Doc. 103): Proposed jury instructions
- Doc. 104-1 (redacted at Doc. 103-1): Jury instruction for credibility of witness
- Doc. 104-2 (redacted at Doc. 103-2): Jury instruction for expert opinion
- Doc. 104-3 (redacted at Doc. 103-3): Jury instruction for impeachment by witnesses' inconsistent statements
- Doc. 104-4 (redacted at Doc. 103-4): Jury instruction for impeachment or corroboration by prior statement
- Doc. 104-5 (redacted at Doc. 103-5): Jury instruction for discrepancies in testimony
- Doc. 104-6 (redacted at Doc. 103-6): Jury instruction for impeachment by witness's felony conviction
- Doc. 104-7 (redacted at Doc. 103-7): Jury instruction for evidence – prior acts
- Doc. 104-8 (redacted at Doc. 103-8): Jury instruction for insulating – intervening negligence
- Doc. 104-9 (redacted at Doc. 103-9): Jury instruction for damages - mitigation
- Doc. 104-10 (redacted at Doc. 103-10): Jury instruction for medical malpractice – direct evidence of negligence only
- Doc. 104-11 (redacted at Doc. 103-11): Jury instruction for medical malpractice – damages – personal injury generally
- Doc. 104-12 (redacted at Doc. 103-12): Jury instruction for medical malpractice personal injury damages – final mandate (regular)

Dr. Jones asserts these documents "contain information pertaining to Plaintiff's medical condition, diagnoses, and complaints and such information is protected health

9

information," Doc. 101 at 2, but these documents disclose nothing that is not already disclosed in the complaint, answers, and briefs, and in the Court's previous orders. This motion will be denied.

## V.     Conclusion

Mr. Alston's motion to seal Ms. Stanton's home address and Dr. Jones' motion to seal Mr. Alston's entire medical record is granted. Mr. Alston's motion to seal his medical records at Docs. 82-2 and 82-3 is denied as these records are crucial to his case and the public's understanding of the Court's summary judgment ruling. For the same reasons, Dr. Jones' motions to seal other documents that discuss Mr. Alston's medical issues relevant to his claims are denied.

It is **ORDERED** that:

1. Mr. Alston's motion to seal, Doc. 79, is **GRANTED** as to Ms. Stanton's address at Doc. 82-1 and **DENIED** as to Mr. Alston's medical records at Docs. 82-2 and 82-3.

2. Dr. Jones' motion to seal records related to the plaintiff's health, Doc. 59, is **GRANTED** as to Mr. Alston's medical records at Docs. 60-4 and 60-5 and **DENIED** as to all other documents at Docs. 60, 60-1–60-3, and 60-6–60-7.

3. Dr. Jones' motion to seal, Doc. 85, is **DENIED**.

4. Dr. Jones' motion to seal, Doc. 101, is **DENIED**.

5. The Clerk **SHALL** immediately **UNSEAL** the medical records at Docs. 82-2 and 82-3, the motion, brief, and attachments at Docs. 60, 60-1– 60-3, 60-6–60-

7, the motion and attachment at Docs. 86 and 86-1, and the brief and attachments at Docs. 102, 104, and 104-1–104-12.

6. The Clerk **SHALL** maintain the records at Doc. 82-1, 82-2, and 92-3 under seal for twenty years, until June 3, 2042.

This the 23rd day of May, 2022.

UNITED STATES DISTRICT JUDGE

11