IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MASTER MAURICE ALSTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:19-CV-96 |
| CONNIE LOCKLEAR JONES, M.D., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Master Maurice Alston has asserted a medical malpractice claim against Dr. Connie Locklear Jones, a medical doctor at Scotland Correctional Institution. Mr. Alston expected to call Dr. Clayton Wisely, an ophthalmologist who treated Mr. Alston, as a witness at trial. At the request of Mr. Alston, the Clerk issued a subpoena to Dr. Wisely directing him to appear and testify. Dr. Wisely sought to quash the subpoena, contending it subjected him to an undue burden. By text order, the Court denied the motion. This order memorializes the reason for that denial: the need for Dr. Wisely's testimony far outweighs any burden imposed by the subpoena.

It is undisputed that Dr. Wisely, who works in Durham, North Carolina, Doc. 117 at 1, is subject to a subpoena to testify at trial in Greensboro, which is well less than 100 miles away. *See* Fed. R. Civ. P. 45(c)(1). Even so, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Undue burden "usually raises a question of the reasonableness of the subpoena," which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2022). Where a subpoena seeks testimony "irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money," the subpoena may impose an undue burden. *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012); *see Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012) (finding a subpoena imposed an undue burden). Determining whether a subpoena imposes an undue burden on a party is a case-specific inquiry turning on the facts of the case, *see Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998); *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004), and is "committed to the discretion of the trial court." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003); *accord Cook*, 484 F. App'x at 812 (noting "[d]istrict courts are afforded broad discretion . . . with motions to quash subpoenas"). The burden to show undue burden is on the party who moves to have the subpoena quashed. *See Maxtena, Inc.*, 289 F.R.D. at 439.

Dr. Wisely has not met his burden to show the subpoena to testify at the upcoming trial imposes an undue burden. On balance, the interests served by requiring compliance with the subpoena are far greater than any burden it imposes.

Dr. Wisely's testimony is relevant and necessary to Mr. Alston's claims. He is the only ophthalmologist who treated Mr. Alston for glaucoma. Dr. Wisely's testimony as to his experience and knowledge diagnosing and treating Mr. Alston, Mr. Alston's vision

2

loss, the causes of Mr. Alston's vision loss, and the impacts of delayed eye care on Mr. Alston's vision loss are of critical importance to Mr. Alston's medical negligence claim. Thus, absent even greater interests in quashing the subpoena, Dr. Wisely must comply.

Dr. Wisely has not shown any heightened interests in quashing the subpoena. His asserted burdens are the ordinary inconveniences of being required to testify at a trial. The fact that he will have to reschedule patient appointments and travel to Greensboro are not the sort of burdens that require a court to quash a subpoena—all witnesses must make scheduling accommodations when they receive a subpoena, almost all non-party witnesses have other things they would rather do than come to court, many witnesses are not paid by employers when they are off work to testify, and all witnesses must travel to court. Dr. Wisely had notice that he might be subpoenaed; as he acknowledges, Mr. Alston's counsel notified him of the possibility on March 23, 2022. Doc. 117-2 at 6. Dr. Wisely could and should have planned accordingly.

Dr. Wisely contends the subpoena imposes an undue burden because Mr. Alston had ample time to obtain his testimony through deposition but chose not to depose him because of Dr. Wisely's reasonable fees.[1] This argument fails for many reasons. Dr. Wisely has provided no support for the contention that a subpoena to testify at trial

---

[1] Although Dr. Wisely contends there is a consensus that treating physicians are necessarily "experts" regardless of how their testimony is sought or used, district courts are divided on the question of whether a treating physician providing deposition testimony is an expert entitled to reasonable fees or a fact witness entitled to per diem fees. *See In re Am. Med. Syst., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 12-CV-09084, 2017 WL 1090029, at *2 (S.D. W. Va. Mar. 21, 2017) (collecting cases); *see also Zanowic v. Ashcroft*, No. 97-CV-5292, 2002 WL 826878, at *1–2 (S.D.N.Y. Apr. 30, 2002) (holding a treating physician testifying at trial was entitled only to only per diem fees).

should be quashed if the witness has not been deposed first. Nor is Dr. Wisely correct when he asserts that he would not be a necessary witness at trial had he been deposed; parties often agree to present deposition testimony in lieu of live testimony, but there is nothing to indicate that happened here, and none of the other circumstances appear to apply. *See* Fed. R. Civ. P. 32(a) (listing limited circumstances deposition testimony may be used at trial). Finally, to the extent Dr. Wisely might have avoided coming to court to testify had he been deposed, Dr. Wisely himself refused to be deposed without advance compensation. The consequences of that decision are on him, not on an indigent plaintiff financially unable to advance a fee. Nor does his *pro bono* counsel have such a duty.[2]

To the extent Dr. Wisely contends he must be advanced reasonable fees to come to court and testify, he points to no rule or case requiring that a witness be paid in advance for his or her time testifying at trial.[3] Even assuming without deciding that a treating physician like Dr. Wisely might be entitled to a reasonable fee for time spent testifying, the subjects addressed in such testimony are likely central to that determination. *See Wei-Ping Zeng v. Marshall Univ.*, No. 17-CV-03008, 2019 WL 937328, at *4 (S.D. W. Va. Feb. 26, 2019). Mr. Alston through counsel has offered to seek reasonable

---

[2] Mr. Alston's counsel was appointed to represent Mr. Alston under the North Carolina Middle District's Pro Bono Representation Program. Doc. 25. Under the North Carolina Middle District's Amended Standing Order No. 6, pro bono counsel is not required to advance any costs on behalf of a pro se litigant. This relates to *pro bono* counsel's obligations to his clients rather than whether a witness is entitled to advance payments.

[3] In the context of expert deposition, many courts have "denied requests for advance payment for expert deposition costs because the Federal Rules do not require it." *Fuller v. Kroger Co.*, No. 13-CV-03033, 2016 WL 8999938, at *2 (N.D. Ga. Jan. 11, 2016) (collecting cases).

4

compensation for Dr. Wisely's time after the trial, Doc. 117-3 at 1, and Dr. Wisely may seek to be compensated then.[4]

In the alternative, Dr. Wisely asks that he be allowed to testify remotely via videoconferencing service. His request will be denied.

Federal Rule of Civil Procedure 43(a) requires that "[at] trial, the witnesses' testimony must be taken in open court," absent a specific rule or statute providing otherwise or "good cause in compelling circumstances and . . . appropriate safeguards." Courts have become more comfortable with remote testimony in some proceedings during the pandemic, and improvements in technology may make video testimony a good option in many civil cases, depending on the circumstances and particularly if the parties and witness agree it is appropriate. *See generally Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005) (upholding a decision to conduct a civil trial by videoconference when plaintiff was in prison and a high escape risk).

But the jury benefits when a witness is physically present to testify. *See generally United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) (noting in the context of criminal sentencing proceedings and a Federal Rule of Criminal Procedure "that virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it"); *Thornton*, 428 F.3d at 697; Fed. R. Civ. P. 43(a) advisory

---

[4] Mr. Alston's counsel made an offer to seek compensation for Dr. Wisely at his hourly rate of $700 per hour, after trial, either pursuant to Federal Rule of Civil Procedure 54 if Mr. Alston is successful at trial, or by a petition for reimbursement from the Court's Bench and Bar Fund Plan if Mr. Alston is unsuccessful. Doc. 117-3 at 1.

5

committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). Nor has Dr. Wisely shown that appropriate safeguards can be in place. For remote testimony at a trial to be appropriate, the Court must be satisfied that the witness will treat the remote testimony as if he were in court, with no distractions or interruptions. Dr. Wisely has offered no such assurances and it would likely be difficult to establish appropriate safeguards in light of Dr. Wisely's apparent hostility towards testifying and the very few days before trial.[5] It also takes time to make the technical arrangements for remote testimony to work smoothly.

In sum, Dr. Wisely's testimony is necessary to Mr. Alston's medical negligence claim. Dr. Wisely has not shown any undue burden will be imposed by the subpoena, nor has he shown good cause for remote testimony. Dr. Wisely's motion to quash will be denied.

It is **ORDERED** that Dr. Wisely's motion to quash the trial subpoena, Doc. 116, is **DENIED**.

This the 2nd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[5] For reasons not important here, the trial did not proceed as scheduled, but the Court promised an opinion in its summary order filed last week. *See* Text Order 5/26/22. This opinion reflects the circumstances as they existed when the motion to quash was denied. If the trial happens later, the Court can re-evaluate this question under appropriate circumstances.

6